United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS CORREA,<br><br>  Plaintiff,<br><br>  v.<br><br>THE CITY OF SAN JOSE; THE SAN JOSE POLICE DEPARTMENT ("SJPD"); MICHAEL SULLIVAN, individually and in his official capacity as Lieutenant, SJPD; and KIMBERLY HUDSON, individually and in her official capacity as Sergeant, SJPD,<br><br>  Defendants. | Case No.  5:12-cv-05436 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>[Re:  Dkt. No. 28] |

Plaintiff Thomas Correa is a former officer of the San Jose Police Department (SJPD) who claims that he was retaliated against when he refused to participate in alleged time card fraud during his employment with SJPD.  Briefly stated, he alleges that he was assaulted by defendant Hudson, and that defendants whitewashed the incident as to Hudson and instead instituted an internal investigation designed to railroad him and to punish him with severe discipline, possibly termination.  Plaintiff retired before any discipline was imposed.  He sues for alleged violation of his First Amendment rights under the U.S. Constitution (42 U.S.C. § 1983), retaliation (42 U.S.C. § 1981), and common law battery.

Correa now moves for leave to file a First Amended Complaint to add a claim for alleged violation of the Public Safety Officers Procedural Bill of Rights (POBOR), Cal. Govt. Code §§

3300-3311. POBOR essentially provides public safety officers with certain rights and protections vis-a-vis their employers. Defendants oppose the motion on the ground that plaintiff's claim is untimely and amendment would be futile. The matter is deemed suitable for determination without oral argument, and the November 12, 2013 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, the court denies the motion.

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend and provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P.15(a)(2). The decision whether to grant leave to amend under Rule 15(a) is committed to the sound discretion of the trial court. See Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981). Leave need not be granted, however, where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Correa says that defendants violated his rights under POBOR §§ 3305 and 3306. In sum, those provisions give an officer (1) an opportunity to read and sign any instrument containing an adverse comment before it is entered in his personnel file or in any other file used for any personnel purposes, Cal. Govt. Code § 3305,[1] and (2) a 30-day period within which to provide a written response to any adverse comment placed in his file, Cal. Govt. Code § 3306.[2]

---

[1] California Government Code section 3305 provides:

> No public safety officer shall have any comment adverse to his interest entered in his personnel file, or any other file used for any personnel purposes by his employer, without the public safety officer having first read and signed the instrument containing the adverse comment indicating he is aware of such comment, except that such entry may be made if after reading such instrument the public safety officer refuses to sign it. Should a public safety officer refuse to sign, that fact shall be noted on that document, and signed or initialed by such officer.

[2] California Government Code section 3306 provides:

> A public safety officer shall have 30 days within which to file a written response to any adverse comment entered in his personnel

2

Defendants argue that the requested amendment is futile because they say that POBOR claims belong in state court. True, POBOR provides that the California "superior court shall have initial jurisdiction over any proceeding brought by any public safety officer against any public safety department for alleged violations [of POBOR]." Cal. Govt. Code § 3309.5. But, according to defendants' own cited authority, "California courts have held that this grant of initial jurisdiction does not vest the courts with exclusive jurisdiction over an officer's POBOR claims." Mitchell v. City of Santa Rosa, No. C09-05004 SI, 2012 WL 1745545 at *5 (N.D. Cal., May 16, 2012) (citation omitted).

Defendants nevertheless maintain that plaintiff's POBOR claim is futile because it is untimely. As a prerequisite to filing suit against a public entity, California law requires a plaintiff to "timely file a claim for money or damages with the public entity." Lozada v. City & Cnty. of San Francisco, 145 Cal. App.4th 1139, 1151, 52 Cal. Rptr.3d 209 (2006) (citing Cal. Govt. Code § 911.2). "The failure to do so bars the plaintiff from bringing suit against that entity." Id. This claim filing requirement applies to POBOR claims. Id. at 1153-73. Correa presented his POBOR claim to the City of San Jose (City) in late August 2013, and the City rejected it as untimely. (Birch Decl., Exs. A and B).

There appears to be no dispute that plaintiff is required to present his claim to the City "not later than one year after the accrual of the cause of action." Cal. Govt. Code § 911.2(a). The fundamental dispute here is when plaintiff's claim accrued.

Correa argues that the limitations period is tolled under the fraudulent concealment doctrine. "[T]he ground of relief is that the defendant, having by fraud or deceit concealed material facts and by misrepresentations hindered the plaintiff from bringing an action within the statutory period, is estopped from taking advantage of his own wrong." Investors Equity Life Holding Co. v. Schmidt, 195 Cal. App.4th 1519, 1532, 126 Cal. Rptr.3d 135 (2011) (citation omitted). Other than his bare assertion, however, plaintiff has not presented facts as to the fraudulent or deceitful misrepresentations made by defendants that allegedly hindered him from

---

file. Such written response shall be attached to, and shall accompany, the adverse comment.

timely bringing a claim.

Correa's arguments are more properly understood to invoke the "discovery rule," which is an exception to the general rule of accrual of a claim for relief and "assumes that all conditions of accrual of the action—including harm—exist, but nevertheless postpones commencement of the limitation period until the plaintiff discovers or should have discovered all facts essential to his cause of action." Camsi IV v. Hunter Tech. Corp., 230 Cal.App.3d 1525, 1536, 282 Cal.Rptr. 80 (1991) (quotations and citations omitted). That is, the applicable limitations period does not begin to run until "plaintiff either (1) actually discovered his injury and its negligent cause or (2) could have discovered injury and cause through the exercise of reasonable diligence." Id.; see also California Sansome Co. v. U.S. Gypsum, 55 F.3d 1402, 1406 (9th Cir.1995) (the "discovery rule" tolls the limitations period "until the plaintiff is on inquiry notice of its injury (and its wrongful cause)."). "The rule is based on the notion that statutes of limitations are intended to run against those who fail to exercise reasonable care in the protection and enforcement of their rights." Camsi IV, 230 Cal. App.3d at 1536 (quotations and citations omitted). "[T]herefore, those statutes should not be interpreted so as to bar a victim of wrongful conduct from asserting a cause of action before he could reasonably be expected to discover its existence." Id. To invoke the discovery rule, a plaintiff must establish facts showing (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. Id.

Plaintiff argues that his POBOR claim did not accrue until August 2013 when he received defendants' document production. That production, says plaintiff, revealed for the first time that his Internal Affairs file contained documents with adverse comments and that SJPD violated his POBOR rights by failing to give him an opportunity to review and sign those records and a 30-day period to respond in writing. In his moving papers, he cites a raft of negative comments he says were withheld from him until defendants made their August 2013 production. The upshot of the comments summarized and presented to the court is that Correa was insubordinate, profane, out of control, and lacked courtesy and professionalism, and that other officers feared for their safety because of his alleged behavior.

Citing Correa's own deposition testimony and interrogatory responses, defendants contend

that plaintiff had reasonable notice of the adverse comments in his Internal Affairs file at least as early as May 2011 when one Sgt. Francois told Correa about them. Indeed, in deposition, Correa testified that Francois told him that documents in his Internal Affairs investigative packet included comments that plaintiff was "a violent person" and "a threat." (Richardson Decl., Ex. A (Correa Depo. at 57:20-24)). And, in his interrogatory responses, plaintiff stated that "Sgt. Francois told me he read most of the memos in the [Internal Affairs] packet. The memos painted me as a crazed and violent monster." (Id. Ex. B (Plaintiff's Responses to Defendants' First Set of Interrogatories at 15:8-9)).

Plaintiff argues that Sgt. Francois' telling him that there were negative comments in the Internal Affairs file is insufficient to satisfy SJPD's POBOR obligations. He further contends that SJPD would not have shown him the Internal Affairs file anyway, even if he had asked to review it. But, the issue now before the court is not whether SJPD complied with its POBOR obligations. Rather, the question is whether in May 2011 plaintiff possessed information sufficient to put him on notice that there were documents with adverse comments in his Internal Affairs file that he had not had an opportunity to review or to respond to in writing. On the record presented, the court concludes that he did.

Accordingly, plaintiff's POBOR claim is untimely and the requested amendment is futile. His motion for leave to file an amended complaint is denied.

SO ORDERED.

Dated:   November 8, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

1   5:12-cv-05436-HRL Notice has been electronically mailed to:

2   Ardell Johnson     CAO.Main@sanjoseca.gov

3   Nkia Desiree Richardson     cao.main@sanjoseca.gov

4   Thomas Kevin Bourke     TallTom2@aol.com