UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS CORREA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF SAN JOSE; THE SAN JOSE POLICE DEPARTMENT ("SJPD"); MICHAEL SULLIVAN, individually and in his official capacity as Lieutenant, SJPD; KIMBERLY HUDSON, individually and in her official capacity as Sergeant, SJPD,<br><br>　　　　Defendants. | Case No. 5:12-cv-05436-HRL<br><br>**ORDER RE DEFENDANT'S MOTIONS IN LIMINE**<br><br>Re: Dkt. No. 95 |

As discussed at the December 10, 2015 final pretrial conference,[1] the rulings of the court made on the record at the conference shall constitute the court's pretrial order. Additionally, for the reasons discussed at that conference, the court rules on defendant's motions in limine as follows:

<u>Motion in Limine No. 1</u> to "preclude plaintiff from presenting evidence regarding his abandoned claim for retaliation based on claims of or opposition to racial discrimination" is GRANTED as unopposed.

<u>Motion in Limine No. 2</u> to "preclude plaintiff from presenting evidence or argument

---

[1] Pursuant to the parties' stipulation at the pretrial conference, defendants Michael Sullivan and Kimberly Hudson are dismissed.

regarding a claim for assault or battery" is GRANTED IN PART AND DENIED IN PART as follows:   Plaintiff will not be precluded from presenting evidence as to the events underlying his abandoned claim for battery.  However, plaintiff shall not reference, mention, or argue his abandoned battery claim in any way.  Fed. R. Evid. 401, 402, 403.

Motion in Limine No. 3 to "preclude plaintiff from presenting evidence regarding his claim for retaliation based on the October 25 meeting with Sullivan and Cavallaro" is DENIED. Fed. R. Evid. 401, 402, 403.

Motion in Limine No. 4 to "preclude plaintiff from presenting evidence he was retaliated against based on his October 24 speech" is GRANTED.  Fed. R. Evid. 401, 402, 403.

Motion in Limine No. 5 to "preclude plaintiff from presenting evidence regarding his proposed claim for violation of the Public Safety Officers' Procedural Bill of Rights [POBOR]" is GRANTED IN PART AND DENIED IN PART as follows:  Plaintiff may present evidence underlying his contention that his POBOR rights were violated.  However, plaintiff shall not assert or argue that defendant violated POBOR.

Motion in Limine No. 6 to "exclude testimony regarding unrelated allegations" is DEFERRED.

Motion in Limine No. 7 to "limit the testimony of plaintiff's proposed expert Stephen D'Arcy" is GRANTED IN PART AND DENIED IN PART as follows:   The motion is granted as to the Rampart Report.  D'Arcy may mention POBOR, but he may not state that POBOR was violated.  D'Arcy may not offer legal conclusions, speculative or argumentative opinions, or make fact determinations that properly belong to the jury.  Fed. R. Evid. 403, 702, 703.

Motion in Limine No. 8 to "exclude written expert reports" is GRANTED.  Fed. R. Evid. 403, 802.

Motion in Limine No. 9 to "exclude any evidence or witnesses not produced or revealed in response to discovery requests" is GRANTED.  Fed. R. Civ. P. 37(c).

Motion in Limine No. 10 to "exclude the audio recordings and transcripts of internal affairs interviews" is GRANTED.  Fed. R. Evid. 403, 802.

Motion in Limine No. 11 to "preclude plaintiff from introducing internal affairs reports" is

1    DEFERRED.
2           Motion in Limine No. 12 to "preclude testimony of Lou Hernandez and Bobby Lopez" is
3    DEFERRED.
4           SO ORDERED.
5    Dated:   December 11, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:12-cv-05436-HRL Notice has been electronically mailed to:

Ardell Johnson    CAO.Main@sanjoseca.gov

Nkia Desiree Richardson    cao.main@sanjoseca.gov

Thomas Kevin Bourke    TallTom2@aol.com, legalassistant@bourkelaw.com, mazizi@bourkelaw.com

4